# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1950V

| | |
|---|---|
| CHERYL LYNN JONES, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 8, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Paul Adrian Green, Law Office of Paul Green, Pasadena, CA, for Petitioner.*

*Sara DeStefano, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On November 3, 2023, Cheryl Lynn Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination she received on November 5, 2022. Petition at ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 19, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On April 7, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded an amount not to exceed $95,000.00 to purchase an annuity contract for her pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **An amount not to exceed $95,000.00 to purchase the annuity contract described in the Proffer Section II.A.** This amount represents all remaining elements of compensation to which Petitioner would be entitled under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CHERYL LYNN JONES,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 23-1950V
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER OF DAMAGES**

I.  **Procedural History**

On November 3, 2023, Cheryl Lynn Jones ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered from Guillain-Barre syndrome ("GBS") following receipt of an influenza ("flu") vaccination administered on November 5, 2022.  Petition (ECF No. 1).  On August 8, 2025, respondent filed his Rule 4(c) Report conceding that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for a GBS Table injury. ECF No. 26.  On August 19, 2025, Chief Special Master Corcoran issued an entitlement decision finding petitioner entitled to vaccine compensation for her GBS.  ECF No. 31.

II.  **Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend that compensation be made through future annuity payments as described below, and request that the

Chief Special Master's decision and the Court's judgment award the following:[1]

    A.       <u>Pain and Suffering</u>

For pain and suffering, an amount not to exceed $95,000.00 to purchase an annuity

contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

        a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

        b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

        c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

        d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

to the conditions described below, that will provide payments to Cheryl Lynn Jones as set forth below:

    a.   Beginning as soon as practicable after the date of judgment, $1,238.56 per month for seven (7) years and four (4) months certain.

The purchase price of the annuity described in this section II.A. shall neither be greater nor less than $95,000.00.  In the event that the cost of the certain annuity payments set forth above varies from $95,000.00, the certain annuity payment set forth above and/or the duration of the certain annuity payments shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $95,000.00.  Should Cheryl Lynn Jones predecease payment of any of the certain payments set forth above, said payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of Cheryl Lynn Jones's death.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

    B.  <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**     **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    An amount of $95,000.00 to purchase the annuity contract described above in section II.A.

3

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

/s/ *Sara DeStefano*
SARA DESTEFANO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-6545
Email: Sara.Destefano@usdoj.gov

Dated:  April 7, 2026

4

<u>CERTIFICATE OF SERVICE</u>

I certify that today, April 7, 2026, a copy of the foregoing pleading was served by electronic mail to Paul Green at pgreen@pgreenlaw.com.

<u>/s/ Sara DeStefano</u>

5